**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS H. HOFFMAN, | ) | CASE NO. 1:17-cv-1208 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Amended Report and Recommendation (Doc. No. 17 ("R&R")) of

Magistrate Judge George J. Limbert with respect to plaintiff's complaint for judicial review of

defendant's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental

Insurance Income ("SSI"). Plaintiff filed objections to the R&R (Doc. No. 18 ("Obj.")) and

defendant filed a response to the objections (Doc. No. 19 ("Resp.")). Upon *de novo* review and for

the reasons set forth below, the Court hereby overrules plaintiff's objections, accepts the R&R,

and dismisses this case.

## I. BACKGROUND

Plaintiff filed his applications for DIB and SSI on October 31, 2013. (Doc. No. 12

(Transcript ["Tr."]) 255-63; 264-69.[1]) He alleged disability beginning March 31, 2009 (for DIB)

and October 4, 2013 (for SSI) due to issues with walking because of hip replacement surgery and

the inability to walk, stand, or sit for any length of time. (*Id.* 294.) The applications were denied

initially (*id.* 196-209), and upon reconsideration (*id.* 212-23). Plaintiff requested a hearing before

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing
system.

an Administrative Law Judge ("ALJ"). (*Id.* 226-28.) The hearing, at which plaintiff appeared (represented by counsel), was conducted on February 10, 2016. The hearing transcript is in the record. (*Id.* 108-47.) On March 10, 2016, the ALJ issued her decision, determining that plaintiff was not disabled under the relevant statutes. (*Id.* 90-103.)

Plaintiff timely filed the instant action, seeking judicial review. Plaintiff, represented by counsel, filed a statement of errors with supporting memorandum (Doc. No. 13 ("Pl. Br.")), and defendant filed a response brief on the merits (Doc. No. 14 ("Def. Br.")).

On July 5, 2018, Magistrate Judge Limbert issued his R&R, recommending that defendant's decision be affirmed because it applied the appropriate legal standards and was supported by substantial evidence.

## II. DISCUSSION

### A. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a de novo decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the

decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

## B.    Analysis

Plaintiff raises a single objection to the R&R. He asserts that the R&R commits reversible error by concluding that the ALJ attributed the appropriate weight to the three treating source opinions of Dr. Louis Keppler. Plaintiff argues that the inconsistency and lack of support in the doctor's treatment records that was pointed out by the ALJ, and accepted by the R&R, are "trivial" because "the longstanding clinical relationship between Dr. Keppler and the Plaintiff allowed Dr. Keppler to bring to bear a level of knowledge not exhaustively detailed in his treatment records." (Obj. at 658.) Plaintiff argues that the ALJ and the R&R should have fully credited Dr. Keppler's conclusion that plaintiff "is unable to sustain a full eight hour workday[,]" (*id.*), and is, therefore, disabled.

"The treating physician rule requires the ALJ to assign a treating physician's opinion controlling weight if it is 'well-supported by medically acceptable clinic and laboratory diagnostic

3

techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Perry v. Comm'r of Soc. Sec.*, No. 17-4182, 2018 WL 2470915, at *3 (6th Cir. June 4, 2018) (quoting 20 C.F.R. § 404.1527(c)(2)) (alteration in original) (further citation omitted). If the ALJ does not assign controlling weight to a treating source opinion, he or she must give "good reasons" for discounting the opinion. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017) (cited by *Perry*). These reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight." *Austin v. Comm'r of Soc. Sec.*, 714 F. App'x 569, 573 (6th Cir. 2018) (citation omitted).

In addition, only *medical* opinions must be given controlling weight, not the treating source's opinion that one is "totally unable to work." *Andres v. Comm'r of Soc. Sec.*, No. 17-4070, 2018 WL 2017281, at *2 (6th Cir. Apr. 30, 2018); 20 C.F.R. § 404.1527(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s) . . . ."); 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

Here, the R&R carefully examined the ALJ's treatment of the three reports of Dr. Keppler, in light of the entire medical record, ultimately concluding that the ALJ provided good reasons for attributing less than controlling weight to each one. (*See* R&R at 642-46, discussing reports/letters

dated March 27, 2014,[2] April 30, 2015,[3] and May 18, 2015.[4]) Plaintiff points out no error in this conclusion, nor does he point to any medical evidence in the record that would contradict, or call into question, the ALJ's (or the R&R's) findings. He merely disagrees, primarily on the basis of the longevity of his relationship with Dr. Keppler. This does not satisfy plaintiff's burden.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objections to the R&R are overruled. The R&R is accepted. Because the defendant's decision was supported by substantial evidence, that decision is affirmed, and this case is closed.

**IT IS SO ORDERED**.

Dated: July 24, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The ALJ found the March 27, 2014 physical capacities evaluation to be "internally contradictory." (Tr. 99.) The evaluation first reports that plaintiff has no limitations with respect to upper extremities and can reach 100% of the time, but later opines that plaintiff's reaching is limited to no more than frequent. Given that there is no medical history of receiving any treatment for any upper extremity condition, the ALJ discounted this opinion as having no basis in the medical record. Although the R&R questions whether Dr. Keppler's findings are necessarily inconsistent, it ultimately acknowledges the additional "good reasons" offered by the ALJ for discounting the weight of the opinion. In particular, the ALJ pointed out that there is no relationship established by the evaluation between the plaintiff's allegedly disabling conditions ("issues with walking due to hip replacement surgery" [Tr. 294]) and any restriction with respect to upper extremities, much less the severe restrictions assigned by Dr. Keppler. Moreover, the ALJ noted that this evaluation was made just four months after plaintiff's hip surgery and could not, therefore, account for subsequent improvements.

[3] The ALJ found the April 30, 2015 letter from Dr. Keppler lacking because it included no actual functional assessment. The letter "simply lists the claimant's medical history and concludes the claimant is 'totally disabled.'" (Tr. 100.) The R&R concludes that the ALJ did not err because treatment notes show that plaintiff was doing fairly well following his hip surgery and had actually been released to return to work. Further, the R&R concludes (as did the ALJ) that a determination of disability is a matter reserved to the Commissioner, not to a treating source.

[4] The ALJ found the May 18, 2015 evaluation to be inconsistent with Dr. Keppler's own treatment records and, specifically, that "[w]ithout explanation, the doctor now reports the claimant can stand and walk less but lift more." (Tr. 100.)  With respect to the ALJ's observation that Dr. Keppler's conclusion was "without explanation," the R&R correctly points out a section of this evaluation that was left blank by Dr. Keppler -- the section requesting the diagnosis and clinical findings, as well as objective test results and treatments. (R&R at 645-46.) This was a significant omission by Dr. Keppler.

5